**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Diane Marks,

　　　　　Plaintiff,

　v.

Trans Union LLC, et al.,

　　　　　Defendants.

Case No. 2:25-cv-01316-GMN-BNW

**ORDER and REPORT and RECOMMENDATION**

Before this Court is Plaintiff's application to proceed *in forma pauperis*. ECF No. 1. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, this Court will grant her request to proceed *in forma pauperis*. The Court now screens Plaintiff's complaint.

**I.　　Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler*

*Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.    Screening the Complaint

Plaintiff brings this action against several consumer reporting agencies (Experian, Trans Union, Equifax) and data furnishers (CarMax Business Services and Bridgecrest/Bridgecrest Acceptance Corporation) alleging violations of the Fair Credit Reporting Act (FCRA). She contends that her consumer credit reports contain numerous inaccurate and incomplete entries and that despite repeatedly disputing these errors with defendants, the inaccuracies were not properly corrected. She brings the following claims:

- First Claim – Violation of 15 U.S.C. §1681e(b) – Against All Defendants.
- Second Claim – Violation of 15 U.S.C. §1681i(a)(2) – Against Experian, Trans Union, and Equifax.
- Third Claim – Violation of 15 U.S.C. §1681i(a)(4) – Against Experian, Trans Union, and Equifax.
- Fourth Claim – Violation of 15 U.S.C. §1681i(a)(5) – Against Experian, Trans Union
- Fifth Claim – Violation of 15 U.S.C. §1681i(a)(1)(A) – Against Experian, Trans Union, Equifax
- Sixth Claim – Violation of Nevada Revised Statutes (NRS) 598C.160 – Against Experian, Trans Union, Equifax
- Seventh Claim – Violation of 15 U.S.C. §1681s-2(5)(A) – Against Experian, Trans Union, Equifax

- Eighth Claim – Violation of 15 U.S.C. §1681s-2(a)(1)(A)– Against CarMax and Bridgecrest

- Ninth Claim – Violation of 15 U.S.C. §1681s-2(B) – Against CarMax and Bridgecrest

- Tenth Claim – Violation of 15 U.S.C. §1681s-2(2) – Against CarMax and Bridgecrest

- Eleventh Claim – Violation of 15 U.S.C. §1681s-2(5)(A) – Against CarMax and Bridgecrest

- Twelfth Claim – Violation of 15 U.S.C. §1681s-2(b) – Against CarMax and Bridgecrest

- Thirteenth Claim – Violation of 15 U.S.C. §1666b(a) – Against CarMax and Bridgecrest

**A.    First Claim – Violation of 15 U.S.C. §1681e(b) – Against All Defendants**.

15 U.S.C. § 1681e(b), provides that when a credit reporting agency (CRA) prepares a consumer background report for employment or other purposes it must "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). Plaintiff alleges that inaccurate late-payment histories, incorrect balances, and other erroneous account information were repeatedly reported. Despite her disputes, defendants continued to verify and publish information that was incorrect or unverifiable. This claim can move forward as to Defendants Experian, Trans Union, and Equifax as they are CRAs. But Defendants CarMax and Bridgecrest are not CRAs —they simply report information to CRAs. As a result, this Court recommends that this claim be dismissed with prejudice as to Defendants CarMax and Bridgecrest.

**B.    Second Claim – Violation of 15 U.S.C. § 1681i(a)(2) – Against Defendants Experian, TransUnion, and Equifax**

15 U.S.C. § 1681i(a)(2) requires a consumer reporting agency, within five days of receiving notice of a dispute, to provide notification of the dispute and all relevant information to any person who provided any item of information in dispute. Plaintiff alleges that defendants

failed to forward all relevant information from Plaintiff's disputes to the furnishers of the information. As a result, she has sufficiently alleged facts to allege this claim against Defendants Experian, Trans Union, and Equifax.

**C.      Third Claim – Violation of 15 U.S.C. § 1681i(a)(4) – Against Defendants Experian, TransUnion, and Equifax**

15 U.S.C. § 1681i(a)(4) requires that when a consumer credit reporting agency conducts a reinvestigation, it "review and consider all relevant information" that the consumer submits regarding the disputed information. Plaintiff alleges that after disputing information that could not be verified, the credit bureaus failed to delete it as required by law. As a result, the alleged facts do not support a claim under 15 U.S.C. §1681i(a)(4). This Court will dismiss this claim with leave to amend.

**D.      Fourth Claim – Violation of 15 U.S.C. § 1681i(a)(5) – Against Defendants Experian, TransUnion, and Equifax**

Section 1681i(a)(5)(C) of the FCRA provides that,

A consumer reporting agency shall maintain reasonable procedures designed to prevent the reappearance in a consumer's file, and in consumer reports on the consumer, of information that is deleted pursuant to this paragraph (other than information that is reinserted in accordance with subparagraph (B)(i)).

Plaintiff claims that even when inaccuracies were reported, they continued to appear on her credit reports. But she does not allege that these inaccuracies were once deleted and later re-appeared. As a result, this claim against Defendants Experian, Trans Union, and Equifax will be dismissed with leave to amend.

**E.      Fifth Claim – Violation of 15 U.S.C. § 1681i(a)(1)(A) – Against Defendants Experian, TransUnion, and Equifax**

15 U.S.C. § 1681i(a)(1)(A) provides that,

if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such a dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from

the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

Plaintiff alleges that the credit reporting agencies failed to conduct reasonable reinvestigations after Plaintiff disputed inaccuracies. Instead of performing independent reviews, they allegedly relied solely on the furnishers' responses. As a result, she has sufficiently alleged facts to allege this claim against Defendants Experian, Trans Union, and Equifax.

**F.      Seventh Claim – Violation of 15 U.S.C. § 1681s-2(5)(A) – Against Defendants Experian, TransUnion, and Equifax**

15 U.S.C. § 1681s-2(5)(A) states that,

A person who furnishes information to a consumer reporting agency regarding a delinquent account being placed for collection, charged to profit or loss, or subjected to any similar action shall, not later than 90 days after furnishing the information, notify the agency of the date of delinquency on the account, which shall be the month and year of the commencement of the delinquency on the account that immediately preceded the action.

Plaintiff alleges that Defendants Experian, Trans Union, and Equifax failed to furnish the correct "date of delinquency" for accounts as required by statute. Without this date, the accounts could be improperly "re-aged," extending how long negative information remains on credit reports. But this provision applies to furnishers of information—not to CRAs. As a result, this Court will recommend this claim be dismissed with prejudice.

**G.      Eighth Claim – Violation of 15 U.S.C. § 1681s-2(a)(1)(A) –Against CarMax and Bridgecrest**

15 U.S.C. § 1681s-2(a)(1)(A) provides,

A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.

Plaintiff alleges that CarMax and Bridgecrest furnished credit information they knew or should have known was inaccurate. She claims that payment histories they reported were "improbable or illogical," such as multiple consecutive 60-day late entries without prior 30-day delinquencies. As

a result, she has sufficiently alleged facts to allege this claim against Defendants CarMax and Bridgecrest.

**H.    Ninth Claim – Violation of 15 U.S.C. § 1681s-2(B) –Against CarMax and Bridgecrest**

15 U.S.C. § 1681s-2(b) requires that when a person or company reporting information to a consumer reporting agency later realizes that the information it provided is incomplete or inaccurate, it must promptly notify the agency of the problem, provide any necessary corrections or additional information to fix it, and stop reporting the inaccurate or incomplete information going forward. Plaintiff alleges that CarMax and Bridgecrest failed to conduct reasonable investigations, continued to verify inaccurate information, and failed to modify or delete erroneous account data. What Plaintiff does not allege is that either CarMax or Bridgecrest knew that the information they were reporting was not complete or accurate. As a result., this claim will be dismissed with leave to amend.

**I.    Tenth Claim – Violation of 15 U.S.C. § 1681s-2(2) –Against CarMax and Bridgecrest**

There is no such subsection in this statute. As a result, this claim will be dismissed with leave to amend.

**J.    Eleventh Claim – Violation of 15 U.S.C. § 1681s-2(5)(A) –Against CarMax and Bridgecrest**

There is no such subsection in this statute. As a result, this claim will be dismissed with leave to amend.

**K.    Twelfth Claim – Violation of 15 U.S.C. § 1681s-2(b) –Against CarMax and Bridgecrest**

There is no such subsection in this statute. As a result, this claim will be dismissed with leave to amend.

**L.    Thirteenth Claim – Violation of 15 U.S.C. § 1666b(a) –Against CarMax and Bridgecrest**

This provision requires that, before a creditor can mark a payment as late, the creditor

must have mailed or delivered the consumer's billing statement at least 21 days before the payment due date. Plaintiff alleges that CarMax and Bridgecrest reported late payments to credit reporting agencies without first providing required written notices to her at least 21 days in advance. As a result, this claim can proceed against CarMax and Bridgecrest.

**M.      Sixth Claim – Violation of Nevada Revised Statutes (NRS) 598C.160 –Against Defendants Experian, Trans Union, and Equifax**

The supplemental jurisdiction statute provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Courts in this circuit have explained that where state law claims arise from the same nucleus of operative fact as federal claims, a district court may properly invoke its supplemental jurisdiction over the state law claims. *See Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004).

NRS 598C.160 provides that,

> If a consumer disputes the accuracy of any information in the files of a reporting agency which relates to him or her, and the reporting agency is made aware of the dispute by him or her, the reporting agency shall, within 5 business days after becoming aware of the dispute, notify any institutional sources of the information and, as soon as is reasonably possible but not later than 30 days, complete a reinvestigation of the accuracy of the information unless the dispute is determined by the reporting agency to be frivolous or irrelevant.

Plaintiff claims the credit bureaus failed to notify the original sources of information within 90 days of her disputes and failed to complete proper reinvestigations. As a result, this claim may move forward against Defendants Experian, Trans Union, and Equifax.

**III.      Instructions for Amendment**

Should Plaintiff choose to file an amended complaint, she must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended pleading. Essentially, the amended complaint must inform Defendants—and this Court—who violated his rights, what facts show that his right were violated, when such violation occurred, where such violation occurred, and why Plaintiff is entitled to relief. Additionally,

Plaintiff is advised that if she files an amended complaint, the original complaint (ECF No. 1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. This Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

### IV.    Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the clerk of court detach and file ECF No. 1-1 on the docket.

**IT IS FURTHER ORDERED** that the following claims may proceed against Defendants Experian, Trans Union, and Equifax:

- First Claim – Violation of 15 U.S.C. § 1681e(b)
- Second Claim – Violation of 15 U.S.C. § 1681i(a)(2)
- Fifth Claim – Violation of 15 U.S.C. § 1681i(a)(1)(A)
- Sixth Claim – Violation of Nevada Revised Statutes (NRS) 598C.160

**IT IS FURTHER ORDERED** that the following claims against Defendants Experian, Trans Union, and Equifax will be dismissed with leave to amend:

- Third Claim – Violation of 15 U.S.C. § 1681i(a)(4)
- Fourth Claim – Violation of 15 U.S.C. § 1681i(a)(5)

**IT IS FURTHER ORDERED** that the following claims may proceed against Defendants CarMax and Bridgecrest:

- Eighth Claim – Violation of 15 U.S.C. § 1681s-2(a)(1)(A)
- Thirteenth Claim – Violation of 15 U.S.C. § 1666b(a)

**IT IS FURTHER ORDERED** that the following claims against Defendants CarMax and Bridgecrest will be dismissed with leave to amend:

- Ninth Claim – Violation of 15 U.S.C. § 1681s-2(B)
- Tenth Claim – Violation of 15 U.S.C. § 1681s-2(2)
- Eleventh Claim – Violation of 15 U.S.C. § 1681s-2(5)(A)

- Twelfth Claim – Violation of 15 U.S.C. § 1681s-2(b)

**IT IS FURTHER RECOMMENDED** that the following claims be dismissed with prejudice:

- First Claim – Violation of 15 U.S.C. § 1681e(b) – against CarMax and Bridgecrest

- Seventh Claim – Violation of 15 U.S.C. § 1681s-2(5)(A) against Experian, Trans Union, and Equifax

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to: (1) issue summonses to Experian, Trans Union, Equifax, CarMax, and Bridgecrest; (2) deliver the summonses along with five copies of the complaint (ECF No. 1-1) to the U.S. Marshal for service; and (3) mail Plaintiff five blank copies of Form USM-285. Once Plaintiff receives the USM-285 forms, Plaintiff must fill in each defendant's last-known addresses so that the defendants may be served.

**IT IS FURTHER ORDERED** that Plaintiff shall have until March 4, 2026, to send the U.S. Marshal the required Forms USM-285. Within twenty-one days after receiving a copy of the Forms USM-285 back from the U.S. Marshal showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether each defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, Plaintiff must file a motion with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant or whether some other manner of service should be attempted.

//
//
//
//
//
//
//

**IT IS FURTHER ORDERED** that if Plaintiff wishes to amend any of her claims, she must do so no later than March 13, 2026.

## NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: February 9, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE